COURT OF APPEALS
DECISION
DATED AND FILED

September 14, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP1846**

Cir. Ct. No. **2018SC1256**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT III

---

ROCK & TAIT EXTERIORS, LLC,

PLAINTIFF-RESPONDENT,

V.

MALLORYS, LLC, DREAMSTRUCTURE DESIGNBUILD, LLC
AND JASON JOHNSON,

DEFENDANTS-APPELLANTS.

---

APPEAL from a judgment of the circuit court for Chippewa County: STEVEN H. GIBBS, Judge. *Affirmed*.

¶1      STARK, P.J.[1]  The defendants[2] appeal from a small claims judgment in the amount of $10,559.50 entered in favor of Rock & Tait

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

Exteriors, LLC, (Rock & Tait) against all defendants, jointly and severally, for roofing work Rock & Tait completed at Mallory's Restaurant and Rooftop Bar[3] (the Restaurant) in Hudson, Wisconsin. The defendants argue that the circuit court erred by piercing "the corporate veil" of Dreamstructure DesignBuild, LLC (Dreamstructure) and holding Jason Johnson personally liable for the amount due. We conclude that the defendants have forfeited this argument and their remaining arguments are undeveloped. Consequently, we affirm.

## BACKGROUND

¶2      At a bench trial to the circuit court at which Jason represented all of the defendants, evidence showed that in early 2016 Rock & Tait entered into two separate contracts to complete roofing work at the Restaurant. Both contracts listed the customer contact as "Jeremiah Johnson (Dream Structure's TPO Repairs Hudson) Dream Structures—Johnson, Jeremiah." However, "Jason Johnson"

---

[2] The notice of appeal identifies the names of the parties filing this appeal as Mallorys, LLC, and "Jason Johnson (an individual)." The appellant's brief states it is filed on behalf of defendant-appellant Jason Johnson, and all of its arguments relate solely to his claim that the circuit court erred in holding him personally liable for the judgment. There is handwriting on the cover of the brief, however, stating that the brief is filed on behalf of "defendant-appellants." Additionally, the brief's statement of the issues describes "Dreamstructure" as an appellant. The relief sought by the appellant(s) is reversal of the entire judgment. If that is not ordered, however, the appellant(s) ask that we reverse the judgment to the extent it imposes liability on Mallorys, LLC, and personal liability on Jason Johnson. Rock & Tait argues that Jason Johnson, individually, is the appellant.

For the purposes of our opinion, we assume that all of the defendants have appealed the circuit court's judgment. For the remainder of this opinion we refer to the appellants collectively as "the defendants" and to Jason Johnson individually as "Jason" unless otherwise noted.

[3] For clarity, although the name of the restaurant where the roofing work took place includes an apostrophe in the word "Mallory's," the name of the party to this case—Mallorys, LLC,—does not contain that same possessive punctuation in its spelling.

signed each contract.[4]  The contracts did not indicate whether Jason signed the documents as an agent of, or on behalf of, any corporation.

¶3      Jason testified that the Restaurant is owned by Mallorys, LLC, (Mallorys) and that Dreamstructure was the general contractor for the construction work completed at the Restaurant.  Jason further testified that he had no ownership interest in Mallorys or Dreamstructure, but that his wife owned Mallorys and he was an officer of Dreamstructure.  Rock & Tait was paid $12,000 by CMM Holdings, Inc., (another company owned by Jason) for some of the work it completed, but Jason refused to pay the remaining amount due, alleging defects in the roofing work.

¶4      The sole issue at trial was whether Rock & Tait's work was defective.  The circuit court found that it was not defective, and it entered judgment in favor of Rock & Tait against all of the defendants, including Jason personally, for the amount claimed due in the complaint.  The court found that the defendants' failure to pay the balance due breached the parties' contracts; that it was not clear which parties entered into the contracts; and that all three defendants benefitted from Rock & Tait's work.  Given Jason's testimony that "we" hired them, the court found that the work was done at the request of all of the defendants.  The court further found that all of the defendants would be unjustly enriched if they were not ordered to pay the remaining amount due, and that Rock

---

[4] George Tait, an owner of Rock & Tait, testified that although Jeremiah Johnson contacted Rock & Tait to perform work at the Restaurant, Jason Johnson was in charge of the contracting process and represented himself as the owner of the Restaurant.  Tait further testified that Jeremiah needed Jason's permission to discuss the contracts, and that although Jeremiah was listed as the customer at the head of the invoice, Rock & Tait was required to obtain Jason's signature, not Jeremiah's, to execute the contracts.

& Tait was entitled to payment for its work under the doctrine of quantum meruit. The defendants now appeal.

## DISCUSSION

¶5     The defendants do not contend that the circuit court erred in determining that they breached the contracts, that Rock & Tait's work was not defective, and that they owed $10,559.50 in damages.  They instead argue for the first time on appeal, that the court erred by piercing Dreamstructure's corporate veil and holding Jason, or, in the alternative, Jason and Mallorys liable for the small claims judgment.

¶6     Rock & Tait contends that the defendants have forfeited this argument by failing to raise it in the circuit court.  *See State Farm Mut. Auto Ins. Co. v. Hunt*, 2014 WI App 115, ¶32, 358 Wis. 2d 379, 856 N.W.2d 633 (citation omitted).  Rock & Tait argues that its complaint alleged that all three defendants were responsible to pay the amount due under the contracts, but it did not allege a claim seeking to hold Jason, or Jason and Mallorys, liable by seeking to pierce Dreamstructure's corporate veil.  Rock & Tait asserts that Jason and Mallorys were each named as defendants because Rock & Tait sought to impose liability on them for the contracts Jason entered into, and under which all three of the defendants benefitted.  Rock & Tait further correctly argues that the court did not find that Dreamstructure's corporate veil should be pierced, and it instead ordered all three defendants liable under equitable theories that the defendants do not address in their brief in chief.

¶7     In reply, the defendants acknowledge that they did not raise the issue of piercing the corporate veil in the circuit court.  They nonetheless argue that we have the authority to consider this issue for the first time on appeal as waiver is a

rule of judicial administration and does not limit our power to address the issue.[5] The defendants assert, without any developed argument, that this case is the "quintessential" example of when a new issue must be examined on appeal.

¶8      We conclude that the defendants forfeited their argument that the circuit court improperly held Jason and Mallorys liable for Rock & Tait's judgment by piercing Dreamstructure's corporate veil. Although the defendants urge us to ignore the forfeiture rule and exercise our discretion to consider the issue, we decline to do so.

¶9      Whether a contracting party has notice of the principal's corporate status is a question of fact. *See Benjamin Plumbing, Inc. v. Barnes*, 162 Wis. 2d 837, 852, 470 N.W.2d 888 (1991). We review the circuit court's decision as to whether the corporate veil should be pierced for an erroneous exercise of discretion. *Consumer's Co-op. of Walworth Cnty. v. Olsen*, 142 Wis. 2d 465, 472, 419 N.W.2d 211 (1988). The defendants had the burden of proof on this issue. *See Benjamin Plumbing*, 162 Wis. 2d at 851. The defendants did not argue to the circuit court that there was no factual or legal basis to pierce Dreamstructure's corporate veil. Consequently, the court did not address the issue. Under these circumstances, we decline to exercise our authority to address the defendants' unpreserved argument that the court erred by piercing Dreamstructure's corporate veil.

---

[5] Although the defendants mistakenly refer to this legal concept as "waiver," our rule that we do not address arguments raised for the first time on appeal is actually the rule of "forfeiture." *See State v. Counihan*, 2020 WI 12, ¶¶25-27, 390 Wis. 2d 172, 938 N.W.2d 530. Waiver is the intentional relinquishment of a known right, while forfeiture is the failure to make a timely assertion of that right and develop it. *See State v. Ndina*, 2009 WI 21, ¶29, 315 Wis. 2d 653, 761 N.W.2d 612.

¶10    The defendants raise for the first time in their reply brief new challenges to the circuit court's equitable decision, including that Jason was caught off guard by the court's decision to hold him personally liable for the debt owed to Rock & Tait.  We again decline to address arguments that have not first been raised before the circuit court.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 492-93, 588 N.W.2d 285 (Ct. App. 1998).

¶11    The defendants further argue that the circuit court did not allow Jason to present his entire case due to time constraints, and that Jason was "belittled" by the judge.  The defendants' exact legal argument, however, is unclear and undeveloped, and we decline to consider it.  *See State v. Petitt*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).  Jason fails to specify what evidence he would have presented if he received more time, and he provides no legal authority in support of this claim.  In any event, our review of the transcript reveals no improper comments by the court.  We therefore affirm.

*By the Court.*—Judgment affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.